**2013-5103**

In The
# United States Court of Appeals
For The Federal Circuit

**MORTON LIFTIN, the Estate of,**
**JOHN LIFTIN, Executor,**

***Plaintiffs – Appellants,***

**v.**

**UNITED STATES,**

***Defendant – Appellee.***

**APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS IN NO. 10-CV-0589, JUDGE GEORGE W. MILLER.**

## REPLY BRIEF OF APPELLANTS

**Jonathan E. Strouse**
**HOLLAND & KNIGHT, LLP**
**131 South Dearborn Street, 30th Floor**
**Chicago, Illinois 60603**
**(312) 263-3600**

***Counsel for Appellants***

THE LEX GROUP[DC] ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT ..............................................................................................1

A. Mr. Dadakis's Advice was Substantive in Nature Because it Concerned an Interpretation of Substantive Tax Law ..........................4

i. The CFC correctly held that Mr. Dadakis's advice that the Estate could permissibly file its federal estate tax return after Mrs. Liftin became a naturalized United States citizen was substantive in nature ..............................................4

ii. Since the Estate had reasonable cause to delay filing until after the extended statutory deadline, Mr. Dadakis's advice that the Estate could delay filing until all "ancillary matters" were completed was substantive in nature.........................................................................9

B. Mr. Dadakis Was Under No Obligation to Provide the Estate With The Legal Support for His Advice ............................................12

C. Mr. Liftin Did Not "Otherwise Know" That The Federal Estate Tax Return was Due...................................................................12

D. The *Knappe v. U.S.* Case is Clearly Distinguishable From The Instant Case .........................................................................14

E. Since the Estate's Late-Filed Federal Estate Tax Return Resulted from Reliance on Attorney's Advice, Plaintiff's Capacity to File a Timely Return is Irrelevant...................................16

CONCLUSION.........................................................................................17

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986).....3

*Estate of Cederloff v. United States*,
2010 WL 3548901 (D. Md. 2010).....9

*Estate of DiPalma v. Comm'r*,
71 T.C. 324 (1978).....16

*Estate of La Meres v. Comm'r*,
98 T.C. 294 (1992).....13, 15

*Estate of Liftin v. United States*,
101 Fed. Cl. 604 (2011).....16

*Ferguson v. Comm'r*,
568 F.3d 498 (5th Cir. 2009).....9

*In re Craddock*,
149 F.3d 1249 (10th Cir. 1998).....9

*Jacobsen v. Comm'r*,
T.C. Memo 2003-227, 2003 WL 21752458 (2003).....9

*Knappe v. United States*,
713 F.3d 1164 (2013).....4, 6, 14, 15

*Ladd v. United States*,
713 F.3d 648 (Fed. Cir. 2013).....3, 8, 11

*Morgan v. Comm'r*,
807 F.2d 81 (6th Cir. 1986).....9

*Stovall v. United States*,
94 Fed. Cl. 336 (2010) .......................................................................... 3

*United States v. Boyle*,
469 U.S. 241 (1985) .......................................................................... *passim*

**STATUTES**

26 U.S.C. § 2056(a) .......................................................................... 2

26 U.S.C. § 2056(d) .......................................................................... 6

26 U.S.C. § 2056(d)(4) .......................................................................... 2, 10

26 U.S.C. § 6651(a)(1) .......................................................................... 6

**OTHER AUTHORITIES**

Treasury Regulation § 20.2056A-1 .......................................................................... 2, 6, 7

## ARGUMENT

The Government's principal argument—that Mr. Dadakis's entire tax advice did not have a substantive legal foundation and is therefore an improper basis for reasonable cause—is undermined by the record. In his deposition and elsewhere, Mr. Dadakis thoroughly discussed the substantive legal foundation for his advice, which is amply illustrated in the record. (JA00227; JA00546-48; JA00557-59; JA00565-66; JA00597-98; JA00623-625.) By making this argument, the Government avoids addressing the Estate's principal argument; namely, that since the Estate had reasonable cause to miss the extended statutory deadline and the Executor had no further statutory deadline to follow, the Estate was therefore solely reliant on Mr. Dadakis's legal advice regarding the due date of the Estate's federal estate tax return. Since the record clearly identifies the substantive basis for Mr. Dadakis's advice, the Government's argument fails and the Estate's argument is uncontested.

Moreover, the Government's secondary argument that Mr. Dadakis insufficiently explained the legal foundation for his advice, resulting in Mr. Liftin's reliance on that advice being unreasonable, is devoid of any legal support. Far from requiring that a taxpayer question the legal foundation for his or her attorney's advice, the mandatory legal precedent on this issue specifically relieves taxpayers of such a duty. *United States v. Boyle*, 469 U.S. 241, 251 (1985) (a taxpayer need

not second-guess his or her attorney). Additionally, the Government asks this Court to infer from Mr. Liftin's job history that he should have known that Mr. Dadakis's advice was erroneous[1], making his reliance on that advice unreasonable.

---

[1] The Estate contends that Mr. Dadakis's advice was accurate. (*See* JA0093-94.) Mr. Dadakis correctly interpreted the following IRS Regulation and Code sections, determining that the marital deduction would be available only after Mrs. Liftin became a U.S. Citizen:

**Reg § 20.2056A–1(b) Marital deduction allowed if resident spouse becomes citizen.** For purposes of section 2056(d)(1) and paragraph (a) of this section, the surviving spouse is treated as a citizen of the United States at the date of the decedent's death if the requirements of section 2056(d)(4) are satisfied. For purposes of section 2056(d)(4)(A) and notwithstanding § 20.2056A–3(a), a return filed prior to the due date (including extensions) is considered filed on the last date that the return is required to be filed (including extensions), and a **late return** filed at any time after the due date is considered filed on the date that it is actually filed. (emphasis added)

**Internal Revenue Code § 2056(d)(4) Special rule where resident spouse becomes citizen.--**Paragraph (1) shall not apply if--
**(A)** the surviving spouse of the decedent becomes a citizen of the United States before the day on which the return of the tax imposed by this chapter is made, and
**(B)** such spouse was a resident of the United States at all times after the date of the death of the decedent and before becoming a citizen of the United States.

**Internal Revenue Code § 2056(a) Allowance of marital deduction.--**For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(JA00547; JA00565-66.)

Regardless of its accuracy, however, the Estate entitled to a complete abatement of all late-filing penalties based on reasonable cause.

(Response, pg. 30.) Since this is a *de novo* review of the grant of the Government's motion for summary judgment, this Court cannot make such an inference, but instead must draw all reasonable inferences against the Government. *See Ladd v. United States*, 713 F.3d 648, 651 (Fed. Cir. 2013); *Stovall v. United States*, 94 Fed. Cl. 336, 344 (2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).) The Government's remaining arguments focus on irrelevancies, such as whether Mr. Liftin or Mr. Dadakis were sick, ill, incapacitated, or otherwise unavoidably unavailable. (Response, pgs. 7, 8, and 9.)

Accordingly, the Government's Response has failed to dispute the dispositive facts of this case, which are that: (1) the Estate made a full disclosure to Mr. Dadakis, (2) relied in good faith on his substantive legal advice regarding when the Estate's tax return was due, and (3) did not otherwise know when its tax return was due. This reliance squarely provides the Estate with reasonable cause for its late filing of the tax return. Moreover, since the Executor complied with the deadline provided by Mr. Dadakis, the late filing cannot be the result of willful neglect. Accordingly, this Court should reverse the Court of Federal Claims's ("CFC") April 3, 2013 Order and remand this case with instructions to enter summary judgment in favor of the Estate.

**A. Mr. Dadakis's Advice was Substantive in Nature Because it Concerned an Interpretation of Substantive Tax Law.**

In determining whether advice is substantive, the Supreme Court has distinguished between advice from an attorney involving (a) an interpretation of substantive tax law, which can constitute reasonable cause, and (b) an attorney's assistance in meeting the requirements of unambiguous statutes, which cannot constitute reasonable cause. *Boyle*, 469 U.S. at 250-51; *see also Knappe v. United States*, 713 F.3d 1164, 1174 (9th Cir. 2013) (advice is non-substantive when it involves a non-delegable duty, like ascertaining an unambiguous statutory deadline). In this case, Mr. Dadakis advised the Estate that filing the federal estate tax return after Mrs. Liftin became a naturalized United States citizen and all other ancillary matters were completed would not only preserve the Estate's full marital deduction, but also would not trigger a late filing penalty by the IRS. (JA00228; JA00231-232.) This advice, in its entirety, turned on Mr. Dadakis's interpretation of substantive tax law (*see* footnote 1 *supra* with regard to the statutes and regulations reviewed and interpreted), and is therefore a proper basis for finding reasonable cause.

*i. The CFC correctly held that Mr. Dadakis's advice that the Estate could permissibly file its federal estate tax return after Mrs. Liftin became a naturalized United States citizen was substantive in nature.*

The CFC analyzed Mr. Dadakis's advice in the following pieces: (1) the delay for filing the Estate tax return in order to allow Mrs. Liftin to become a U.S.

citizen, and (2) the delay to complete all other ancillary matters. (A0011; JA00011.) In finding that the Estate's reliance on the first piece of advice constituted reasonable cause, the CFC observed:

> The undisputed facts establish that the Executor's reliance on Dadakis's erroneous advice [that it could permissibly delay filing the Estate tax return in order to allow Mrs. Liftin to become a U.S. citizen] was reasonable. Dadakis's advice concerned a substantive question of tax law regarding the interaction between the statutes and regulations providing for the marital deduction and the statutes and regulations setting the deadline for filing the Estate's return. The Executor had no basis to question Dadakis's advice. [JA00689.] As the circumstances changed, the Executor continued to ask whether the Estate needed to file sooner, and Dadakis continued to reassure him that the Estate could wait until Mrs. Liftin became a citizen. [JA00689.] Moreover, there is no evidence to suggest that the Executor was acting in bad faith. Therefore requiring the Executor to challenge Dadakis would 'nullify the very purpose of seeking [his expert advice] in the first place.' *See Boyle*, 469 U.S. at 251.

(JA00898-899; A0010-11.)

Confusingly, the Government responds by arguing that Mr. Dadakis's advice had no "legal basis." (Response, pg. 35.) Mr. Dadakis's discussion of that legal basis, and the "interaction between the statutes and regulations providing for the marital deduction and the statutes and regulations setting the deadline for filing the Estate's return" appears throughout the record, most heavily in his deposition testimony. (*See* JA00227; JA00546-48; JA00557-59; JA00565-66; JA00623-625.) For example:

> Q: And would the estate have been penalized for that?
> A: No.

> Q: And again, why?
> A: Under 6511(a) there's a provision that says that there is no penalty if there is reasonable cause and not willful neglect in order to file the tax return. Therefore there is no penalty.
> Q: What do you claim is reasonable cause here?
> A: Congress has provided under 2056(d)4 that a tax return may be filed late if a person was a non-U.S. citizen, becomes a U.S. citizen before the due--before the date upon which the return is filed. The regulations provide that a late return may be filed and deemed to be filed on the date it is filed. And, therefore, a marital deduction will be given to the non-U.S. citizen spouse. Therefore, there is reasonable cause and not willful neglect that the individual -- the estate, the executor is not subject to a penalty under 6511(a).

(JA00546-47.)

> A: Very explicit in 6511(a) that you can file a late return if there is reasonable cause and not willful neglect, if it is shown that there is reasonable cause and not willful neglect. If Congress decides that an individual can file a late return in order to obtain, and encourages its citizens to obtain a marital deduction, and puts in a provision in 2056(d)4 that that person will be deemed a U.S. person and the marital deduction will be allowed to them as if there were a U.S. citizen from the date of death, it would a contravention of any -- of anything that we stand for in America to say that the individual executor didn't have reasonable cause to file a late return.

(JA00565-66.)

Accordingly, the Government's suggestion that Mr. Dadakis's advice lacks a legal basis is meritless.

In support of its argument, the Government engages in a lengthy and irrelevant analysis of I.R.C. § 2056(d), Treas. Reg. § 20.2056A-1, I.R.C. § 6651(a)(1), and the *Knappe v. United States*, 713 F.3d 1164 (9th Cir. 2013), ultimately concluding that Mr. Dadakis's advice was not substantive because

"nothing in the pertinent statutes or regulations lends support for the proposition that filing the return can be delayed, without penalty, until a non-citizen surviving spouse seeks and obtains U.S. citizenship." (Response, pgs. 34-35.) This statement is totally false. As the quoted section of Treas. Reg. § 20.2056A-1 indicates (footnote 1 *supra*): "a **late return** filed at any time after the due date is considered filed on the date that it is actually filed" allows the estate to claim a marital deduction; therefore, there is a "pertinent regulation that lends support for the proposition that filing the return can be delayed." (*See* Response, pgs. 34-35 (emphasis added).) Moreover, the Government's argument is nothing more than a thinly-veiled attempt to suggest that Mr. Liftin's reliance on Mr. Dadakis's advice was unreasonable because that advice was ultimately shown to be erroneous. The CFC admonished the Government for making this argument previously, noting that "[o]f course, the principle that reliance on expert advice can constitute reasonable cause is only relevant in cases where a taxpayer relies on ***incorrect advice***." (JA00898, fn. 7, emphasis added.) If the advice was correct, the CFC observed, then the IRS would not have been able to assess a penalty. (*Id.*)

The Government's argument also presents a Catch-22. The Supreme Court has made clear that a taxpayer may have reasonable cause based on reliance on an attorney's advice only if that advice is substantive. *Boyle*, 469 U.S. at 251. According to the Government, however, if the advice is erroneous, then it cannot

be substantive, making reasonable cause unavailable. (Response, pg. 35.) Thus, according to the Government, reliance on an attorney's erroneous advice can never constitute reasonable cause because erroneous advice is inherently non-substantive, making reasonable cause unavailable. Since the Supreme Court specifically recognized the existence of reasonable cause based on reliance on legal advice, such an interpretation of the case law is untenable and wrong. *Id.*

Lastly, the Government argues that since Mr. Liftin was "not an unsophisticated executor" and, therefore, his claim of reasonable reliance on Mr. Dadakis's erroneous advice is "dubious." (Response, pg. 36.) In his deposition, Mr. Liftin made clear that he was unfamiliar with estate tax law and "had no basis to question" Mr. Dadakis's advice. (JA00689.) The CFC agreed, observing that "[t]he Executor had no basis to question Dadakis's advice." (JA00010; A0010.) In response, the Government asks this Court to infer from Mr. Liftin's job experience that his sworn statement was untrue. (Response, pg. 36.) The Government's request, however, forgets the standard of review in this matter, which requires that this Court make all reasonable inferences in the light most favorable to the Estate. *Ladd*, 713 F.3d at 651.

*ii. Since the Estate had reasonable cause to delay filing until after the extended statutory deadline, Mr. Dadakis's advice that the Estate could delay filing until all "ancillary matters" were completed was substantive in nature.*

The Government argues simply that a taxpayer cannot delay filing a tax return until all other ancillary matters are complete, but instead must file that tax return by the statutory deadline with the "most complete information available to it." (Response, pg. 27.) In support, the Government cites a series of cases[2], all of which stand for the general proposition that incomplete information does not excuse an estate from missing a statutory deadline. (Response, pgs. 28.)

This argument —indeed, the Government's entire response—fails to address the critical distinguishing factor between this case and the cases cited by the Government: the Estate did not miss the statutory deadline while waiting for complete information; it missed the statutory deadline while waiting for Mrs. Liftin to become a naturalized US citizen, which the CFC correctly held amounted to reasonable cause. (A0010; JA00010.) Specifically, the CFC correctly held that the Estate had reasonable cause to delay filing until Mrs. Liftin became a naturalized citizen of the United States on August 3, 2005, which was ***over a year after*** the extended statutory deadline of June 2, 2004. (JA00070; JA00073.)

[2] *Estate of Cederloff v. United States*, 2010 WL 3548901 (D. Md. 2010); *Ferguson v. Comm'r*, 568 F.3d 498 (5th Cir. 2009); *In re Craddock*, 149 F.3d 1249 (10th Cir. 1998); *Morgan v. Comm'r*, 807 F.2d 81 (6th Cir. 1986); *Jacobsen v. Comm'r*, T.C. Memo 2003-227, 2003 WL 21752458 (2003).

The Supreme Court makes clear that a taxpayer has a duty to ascertain fixed, statutory deadlines. *Boyle*, 469 U.S. at 251. As noted previously, when a taxpayer's circumstances justify filing a tax return sometime *after* the fixed, statutory deadline, then that taxpayer has no final statutory deadline to ascertain or abide by. In fact, neither the CFC nor the Government addressed this fundamental question: if the Estate had reasonable cause to file after the extended statutory deadline, then when was final date that the Estate was required to file its federal estate tax return?

When circumstances result in there being no statutory deadline to follow, how much delay is a taxpayer permitted in attempting to file an accurate tax return? Neither the CFC nor the Government has provided any guidance or law on this issue. Presented with that very situation, Mr. Liftin relied on his attorney's advice, which was that the Estate could permissibly wait until a reasonable time after all ancillary matters were completed to file the tax return. (JA00228; JA00231-232.)

The Government claims that this advice was "non-substantive" because such advice included no citations to statutes, regulations, or case law. (Response, pgs. 27-28.) What the Government fails to mention is that there are no statutes, regulations, or case law directly governing the situation faced by the Estate. Indeed, when confronted with amending 26 U.S.C. 2056(d)(4) to address some of

these issues, Congress declined to do so, preferring to let the courts make a determination on a "case by case" basis. (JA00902.) The only guiding legal principal addressing this issue is that the Estate should file an accurate a tax return as possible, which Mr. Dadakis explained in this deposition. (JA00597-598.) Since Mr. Dadakis could not know precisely when the Estate would resolve its ancillary litigation, he provided the Estate with the deadline of "within a reasonable time after the ancillary litigation is resolved." (JA00228; JA00231-232.) Lacking any basis to dispute this advice or deem it unreasonable, the Estate reasonably relied on that advice and followed it. (JA00698; JA00231-232.) Once Mrs. Liftin obtained her citizenship, there were no "fixed filing dates" as to which the Estate could independently determine when its return was due. To the extent that the deadline provided by Mr. Dadakis was "erroneous," there was no "unambiguous" way for the Estate to determine the accuracy of such advice.

As noted previously, one can reasonably conclude that the Estate would have had at least some period of time after Mrs. Liftin's naturalization to file its estate tax return. Further, absent a precise deadline to file the Estate's tax return, the Court of Federal Claims erred in ruling on summary judgment that the Estate had missed that deadline, especially given the deferential standard for such a motion. *Ladd*, 713 F.3d at 651.

Since no statute, regulation, or court case has addressed this issue, the Estate was utterly reliant on Mr. Dadakis's substantive advice as to when the law required the Estate to file its tax return, which the Estate followed. (JA00228.) As such, the Court of Federal Claims erred when it held that Mr. Dadakis's advice was nonsubstantive in nature and therefore did not constitute reasonable cause.

**B. Mr. Dadakis Was Under No Obligation to Provide the Estate With The Legal Support for His Advice.**

Throughout its Response, the Government faults Mr. Dadakis for not explaining the specific statutes, regulations, and cases underlying his advice to Mr. Liftin, suggesting that he had some obligation to do so. (*See* Response, pgs. 20, 29, and 30.) The mandatory legal precedent on this issue specifically relieves taxpayers of any duty to seek such an explanation. *Boyle*, 469 U.S. at 251 (requiring a client to monitor counsel on the provisions of the Internal Revenue Code "would nullify the very purpose of seeking the advice of a presumed expert in the first place.") The Government's unsupported suggestions that such a duty exists should therefore be disregarded.

**C. Mr. Liftin Did Not "Otherwise Know" That The Federal Estate Tax Return was Due.**

Relying on a misrepresentation of Mr. Liftin's testimony, the Government argues that, since Mr. Liftin was aware of the extended statutory deadline, that he "otherwise knew" that the federal estate tax return was due and, therefore, fails to

satisfy the third condition for relief described in *La Meres*. *La Meres v. Comm'r*, 98 T.C. 294, 318 (1992) (a taxpayer's reliance on an attorney's advice does not constitute reasonable cause when that taxpayer otherwise knows that the tax return was due). In support of this argument, the Government cites the following testimony:

> Q: Okay. Did you have an understanding of the significance of filing the return, the importance of filing the return by June 2, 2004?
> A: Absolutely.
> Q: And what was your understanding?
> A: That that was the due date for filing it, *unless there was a further basis for filing later, then we'd have to file by that date.*

(JA00683-684 (*emphasis added*).)

That "further basis" which Mr. Liftin refers to is the substance of Mr. Dadakis's advice, which is the subject of this litigation. When the Government made this identical argument previously, the CFC concluded that the Government relied on a "misrepresentation of [Liftin's] testimony." (JA00009; A0009.) As the record makes clear, although Mr. Liftin was aware of the extended statutory due date, he relied on Mr. Dadakis's advice that the Estate's particular circumstances permitted the Estate to file after the extended statutory due date. (JA00687-688; JA00693; JA00231-232.) As the CFC observed, Mr. Liftin "knew that the statutory deadlines existed, but believed that they did not apply to the Estate based on advice from Dadakis." (JA00010; A0010.) Accordingly, since Mr. Liftin did

not believe that the statutory deadline applied to the Estate, he did not "otherwise know" that the tax return was due.

**D. The *Knappe v. U.S.* Case is Clearly Distinguishable From The Instant Case.**

The Government cites the *Knappe* case, in part, to support its argument that advice regarding the due date of a tax return is, by its nature, non-substantive advice. (Response, pg. 25.) The *Knappe* decision, however, is factually distinguishable from the instant case because it did not involve the interpretation of substantive tax law. In *Knappe*, an executor relied on his accountant's statement that the deadline for the estate to file its tax return had been extended by a year, when in fact it had been extended by only six months. *Knappe*, 713 F.3d at 1166. As a result, the executor filed an untimely estate tax return and was assessed significant penalties. *Id.* The estate sought a refund of those penalties, arguing that its reliance on the advice of that accountant constituted reasonable cause. *Id.* at 1167-68. The Ninth Circuit found that the executor's reliance did not constitute reasonable cause because, for the executor, the issue of when the extension expired was non-substantive because the due date was unambiguous:

> At the time Knappe was preparing the return, the instructions to Form 4768 were unambiguous: they stated that an 'automatic 6–month' extension is available, but that '[a]n additional extension is available *only* if you are an executor out of the country' (emphasis added). On the next page, the instructions reiterated the point in equally unambiguous language: 'An executor may apply for an automatic 6–month extension of time to file Form 706.... Unless you are an

> executor out of the country (see below), the maximum extension of time to file is 6 months from the original due date of the applicable return.'

*Knappe*, 713 F.3d at 1173.

Although the advice in *Knappe* and Mr. Dadakis's advice both concern the due date of a tax return, they are fundamentally different pieces of advice. In *Knappe*, the advice concerned the date that was written on a piece of paper, which was instantly verifiable by all parties and required no special skill to ascertain. *Id.* Since the advice required the executor to merely ascertain an unambiguous due date, it was appropriately deemed to be non-substantive. *Knappe*, 713 F.3d at 1173. Mr. Dadakis's advice, on the other hand, concerned "a substantive question of tax law regarding the interaction between the statutes and regulations providing for the marital deduction and the statute and regulations providing for the deadline for filing the Estate's return." (A0010; JA00010.) Such advice has been consistently recognized as substantive tax advice and, therefore, a proper basis for reasonable cause. *Boyle*, 469 U.S. at 251 ("When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney."); *La Meres*, 98 T.C. at 320-21 (the attorney's advice that the estate was entitled to a second six-month extension to file was substantive in nature because the "statute

does not explicitly state that the Secretary may only grant one extension."); *see also Estate of DiPalma v. Comm'r*, 71 T.C. 324, 327 (1978) (an attorney's advice that a pending dispute justified a delay in filing was substantive and constituted reasonable cause).

**E. Since the Estate's Late-Filed Federal Estate Tax Return Resulted from Reliance on Attorney's Advice, Plaintiff's Capacity to File a Timely Return is Irrelevant.**

Throughout its Response, the Government emphasizes that neither Mr. Liftin nor Mr. Dadakis was sick, ill, incapacitated, or otherwise unavoidably unavailable. (Response, pgs. 7, 8, and 9.) This fact is irrelevant because the Estate claims that it has reasonable cause based only on its reliance on attorneys' advice, not some other incapacity. *See Estate of Liftin v. U.S.*, 101 Fed. Cl. 604, 608 (2011) ("Reasonable cause may exist when a taxpayer files a return after the due date, but does so in reliance on an expert's erroneous advice."). As such, Mr. Liftin and Mr. Dadakis's physical condition, along with any other matters bearing on whether they were "capable" of filing a timely tax return, are irrelevant.

## CONCLUSION

For the reasons stated, this Court should reverse the Court of Federal Claims's April 3, 2013 Order and remand this case with instructions to enter summary judgment in favor of the Estate.

Respectfully submitted,

Dated: October 15, 2013

/s/ Jonathan E. Strouse
JONATHAN E. STROUSE
Attorney for Plaintiff
Holland & Knight, LLP
131 South Dearborn, 30th Floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of October, 2013, I caused this Reply Brief of Appellants to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John A. Nolet
Kenneth L. Greene
Department of Justice
950 Pennsylvania Avenue, N.W.
Ben Franklin Station
Post Office Box 502
Washington, DC 20530
(202) 514-2935

*Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Reply Brief of Appellants will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Jonathan E. Strouse
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*4,066*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: October 15, 2013

/s/ Jonathan E. Strouse
*Counsel for Appellants*