

U.S. Department of Justice

Tax Division

*Please reply to:* Appellate Section
P.O. Box 502
Washington, D.C. 20044

*Facsimile No. (202) 514-8456*
*Telephone No.(202) 514-3361*

KK:GSR:JANolet
154-2852
CMN 2010103400

January 30, 2014

Daniel E. O'Toole, Esquire
Clerk, U. S. Court of Appeals
  for the Federal Circuit
717 Madison Place, N. W.
Washington, D. C.  20439

      Re: *Estate of Morton Liftin, et al. v. United States*
            (Fed. Cir. – No. 13-5103)

Dear Mr. O'Toole:

     At oral argument held in the above-entitled appeal on January 10, 2014, the Court ordered the parties to submit, within 20 days, a written explanation addressing how the late-filing penalty provided at Section 6651(a)(1) of the Internal Revenue Code should be computed under the circumstances of this case (assuming that the late filing was without reasonable cause). This letter is submitted pursuant to the Court's order.

     In this case, the decedent died on March 2, 2003, and, under Section 6075(a) of the Code, the federal estate-tax return was due 9 months thereafter on December 2, 2003. The executor of the Estate was granted a six-month extension of time to June 2, 2004, to file and pay the estate tax. He paid the required tax on January 16, 2004, but did not file the estate-tax return until May 9, 2006, a date falling more than 23 months after the last day of the extended filing period. The Internal Revenue Service determined that the late filing was without reasonable cause, and imposed a 25 percent late-filing penalty.

     Section 6651(a)(1) of the Code provides that "[i]n case of failure . . . to file any return on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the

amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate." In this regard, Section 6651(b)(1) provides that, for purposes of section 6651(a)(1), "the amount of tax required to be shown on the return [*i.e.,* the amount subject to penalty] shall be reduced by the amount of any part of the tax which is paid on or before *the date prescribed for payment of the tax* and by the amount of any credit against the tax which may be claimed on the return." (Emphasis added.)

"The date prescribed for payment of the tax" is determined under Section 6151(c) of the Code, which provides that, "[i]n any case in which a tax is required to be paid on or before a certain date, or within a certain period, any reference in [the Internal Revenue Code] to the date fixed for payment of such tax shall be deemed a reference to the last day fixed for such payment (*determined without regard to any extension of time for paying the tax*)." (Emphasis added.) *See* Rev. Rul. 81-237, 1981 WL 166010; *see also Estate of Ridenour v. United States,* 468 F. Supp. 2d 941, 945-948 (S.D. Ohio 2006). Thus, "the date prescribed for payment of the tax" in this case, as that phrase appears in Section 6651(b)(1), was December 2, 2003, *i.e.,* the due date fixed for payment without regard to the 6-month extension of time the Estate obtained. Since no portion of the Estate's tax was paid by that date, there was no reduction in the amount subject to the late-filing penalty calculated under Section 6651(b)(1), and the Estate has never argued to the contrary.

If you have any questions, I can be reached at (202) 514-2935.

Sincerely yours,

s/ John A. Nolet

JOHN A. NOLET
Attorney
Appellate Section

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system on January 30, 2014. Other participants in the appeal, all of whom are registered CM/ECF users, will receive electronic service of the brief via the CM/ECF system.

/s/ John A. Nolet
JOHN A. NOLET
*Attorney*

8816749.1